The opinion of the Court was delivered by
Johnson, J.
It is unnecessary, to the determination of this ease, to enter into the consideration of the general question, whether notice is, or is not necessary, where a recovery over is given by law, or secured by express contract. It is sufficient, and so I take the rule to be, that wherever a plaintiff relies upon the recovery against him, as the sole and conclusive evidence of his right to recover over, notice is indispensably necessary. In this, case, there was no other evidence of the plaintiff’s right to recover. And it only remains to be inquired, whether there was any evidence of notice.
In the summary jurisdiction of the Court, it is the province of the presiding judge, as it is of the jury in trials before them, to weigh the evidence, and where there is any legal evidence of the fact is dispute, this Court will rarely interfere.[1] But where there is no evidence, or where a decree is predicated on inadmissible evidence, this Court, as in trials by jury, will control it. The evidence of notice, in this case, appears to be objectionable, on two grounds:
1. Because it was the declaration of a third person, (the attorney who defended the case of Witt against the plaintiff,) and even admitting that it went to show notice, it was hearsay evidence, and therefore inadmissible.
2. Because it is impossible even to infer notice from this evidence. The declaration of the attorney was not that he had had notice, but that his presence was necessary at the trial.
I am, however, of opinion, that the motion for leave to enter up judgment for the defendant, ought not to prevail; but that a new trial ought to be granted, to *give the plaintiff another opportunity of proving his case, if it has merits.
Grimke, Colcook, Nott and Cheves JJ., concurred.
Gantt, J.,
gave no opinion, having been employed in the former suit.

 MS. Roberts v. Barns, 2 Rice Dig. 117, § 56, 228, § 268.
Sp. 69, 72, 80; 1 Hill, 28; Samuel v. Dinkins, 11 Rich.